## MUSTARD et v COOK et

Ohio Appeals, 2nd Dist, Franklin Co

No 3242. Decided Dec 14, 1940

Hoskins & Donaldson, Columbus, for plaintiffs-appellants.

W. B. McLeskey, Columbus, for defendants-appellees, Wm. E. Cook and H. W. Bradshaw, Exr.

L. P. Henderson, Columbus, for defendants-appellees, Emma Darst, Clara Smith, Cora Smith and Jesse Hayes.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law and fact from the judgment of the Common Pleas Court dismissing the petition of plaintiffs-appellants.

The suit is to require specific performance of a written contract made a part of the petition to which the plaintiff and Anna Jones, in her lifetime, were parties. Plaintiffs allege specific performance of some of the obligations devolving upon them to perform and aver generally full performance of the terms of the contract enjoined upon them.

There are certain facts alleged in the petition and admitted in the answer of defendants, William E. Cook and H. W. Bradshaw, Executor of the estate of Anna Jones, which are not admitted by the joint answers of the other defendants. All defendants deny performance of the contract and defendant, Cook, demurred to the petition, which demurrer was overruled.

The averments of the petition which are admitted in the answer of defendants, Cook and Bradshaw, executors, are that Anna Jones, on the 25th of September, 1933, was the owner of the premises described in the petition; that on the 11th day of July, 1938, Anna Jones executed a last will and testament wherein she devised the premises to the defendant, Cook; that on September 8, 1938, Anna Jones died leaving no issue; and generally deny other averments of the petition. The other defendants do not admit the execution of a will and testament devising the premises to Cook, nor the death or date of death of Anna Jones, but generally deny the averments of the petition. The testimony does not estab-lish the date of the death of Anna Jones, which is material but as to which, we assume, there would be no dispute.

The briefs of counsel take a wide range and cover exhaustively the whole field of contracts to transfer real estate at the death of the promissor, whether said contracts are oral or written, the statute of frauds as relates to such contracts, when oral, what constitutes part performance and the conditions under which specific performance will be decreed. The contract in this case, in so far as material, is as follows:

"This memorandum made by and between Anna Jones of Franklin County, Ohio, party of the first part, and Charles E. Mustard and Emma P. Mustard, parties of the second part, Witnesseth,

Whereas said party of the first part has this day executed her last Will and Testament and has devised to said second parties in fee simple subject to the laws of the State of Ohio, a certain house and lot located at 576 Siebert Street, in the City of Columbus, Ohio, in said Last Will and Testament.

Now, therefore, in consideration of the aforesaid devise, the sum of $1.00 and other valuable consideration paid by said second parties to said first party, the said second parties agree to pay said first party as long as she lives, the sum of $25.00 per month for the above described premises; to keep and repair and to make all alterations proper and necessary during the aforesaid period. Said second parties further agree to receive into their home, being the premises above described, said first party, should she become physically disabled and to give her such care and attention, food, clothing, and lodging as may be necessary during the balance of her life.

In consideration of the foregoing covenants on the part of said second parties, said first party agrees to pay the taxes and assessments levied against said premises and all charges

for water rent * * * during the period in which said second parties pay the monthly rental as above stated.

In testimony I have hereunto set my hand this 25th day of September, 1933. Signed in the Presence of

Charles Mustard, Anna Jones,
Emma P. Mustard. John F. O'Connor."

It will be noted that Anna Jones signs where the parties to the contract should have signed and that John F. O'Connor also so signed, and that Charles Mustard and Emma P. Mustard signed at the place designated for witnesses.

The record permits and requires the conclusion that the instrument, as it recites, was entered into and signed by the parties, Anna Jones, Charles Mustard and Emma P. Mustard, and that John F. O'Connor signed only as a witness. The contract likewise contains a declaration to which Anna Jones subscribed, that she had on the day of its execution, executed her last will and testament by the terms of which she had devised in fee simple the house and lot described in the petition. This also is established by the testimony of the scrivener of the will, who also drew the contract. So that, we are content to say at the outset that we have a written memorandum between the parties which, if a contract to make a will, is, in form, as required by §10504-3a GC. It is our judgment that this section is not controlling.

We do not have the situation as presented in Ortman v Ortman, 45 Oh Ap 551, where it is necessary to revert to the will to establish the memorandum which would take an oral contract to devise realty out of the statute of frauds, nor do we have an oral contract as to which there is claimed part performance as in Ortman v Ortman.

Upon a fair consideration of the contract in the light of the record we are satisfied that there was a ▮▮▮▮▮▮▮▮ ▮ valid consideration moving from Mrs. Jones to the Mustards in that, contemporaneously with the contract, although no doubt immediately prior thereto · in point of

time, the will described in the contract had been duly executed. It was clearly in contemplation of the parties to the contract that the will so made would be effective, not only then but henceforth until the death of Mrs. Jones, provided always that the Mustards observed their obligations under the contract.

Likewise an examination of the contract in the light of the record is convincing that the contract in terms is one that is fair, made in good faith by the parties who acted at arm's length, that it is reasonable, that the services to be performed and acts to be done by the Mustards, in so far as the parties could divine the future, represented a fair consideration for the transfer of the real estate to them at the death of Mrs. Jones. This, then, brings us to the one and determinative issue in this case, namely, has there been such performance by the Mustards of their obligations under the contract as to require the Court in the exercise of its equitable cognizance to compel the transfer to the Mustards of the real estate described in the petition.

The burden of proof is upon the plaintiffs to establish that they have substantially performed ▮▮▮▮▮▮▮ ▮ each and every obligation enjoined upon them. Under the contract this included the payment of the stipulated monthly sum of $25.00 during the time that Mrs. Jones lived. This obligation is met by the plaintiffs with the exception of three rent receipts. We would not hesitate to say that substantially performance in this particular is proven.

The contract further contemplated that the plaintiffs would "keep and repair and make all proper and necessary alterations in the dwelling house on the premises" described in the petion. The evidence establishes that the plaintiffs did make extensive alterations in the interior of the house, probably greater than would necessarily have been required. Unfortunately, a witness for the plaintiff perjured himself in particulars respecting the method

of payment for this work as done and in probability fixed the value of the services performed entirely too high. But, giving full consideration to the nature of the work, the various changes made and the time which must have been employed in completing the job, it is obvious that it was of considerable value and the cost would run into quite a sum of money. That the work was done is proven, not only by the witness who did it but by another witness.

The obligation to repair the outside of the building was not so well met. It clearly appears that the house was badly in need of paint at the time of the trial and had been for several years prior thereto, and the spouting on two sides of the house was in very poor condition. Some effort was made to show that the yard had been neglected, but in this defendants fail. It was the obligation of plaintiff to pay taxes and assessments levied against the premises and all charges for water rent. Proof of these payments is not forthcoming.

These deficiencies in proof are of sufficient moment to arrest attention but the one particular as to which the plaintiffs completely fail is that of their obligation to prove that, in the event Mrs. Jones became "physically disabled they would receive her into their home and give her such care and attention, food, clothing and lodging as was necessary during the balance of her life". At the conclusion of plaintiffs' case there was not any evidence whatever adduced on this phase of the contract. A very nice question is presented whether upon this state of the record the court should have nonsuited the plaintiffs. But we consider this issue upon the whole record and, so doing, find that the only proof forthcoming is against and not favorable to the plaintiffs. It clearly appears that Mrs. Jones, being physically disabled, did go to the home of the plaintiffs and there remained ten days or two weeks and that the reason she left was because she was not receiving such care and attention as she felt was necessary. The one witness who testified on this sub-

ject matter, a Mr. L. A. Smith, says that upon three occasions when he visited her, she was not being properly taken care of, but was being neglected in that her hair had not been combed, her face had not been washed as it should be. Thereafter, Mrs. Jones was required first to go to the hospital and then to her own home. There is no viewpoint of this evidence that will permit of the conclusion that the plaintiffs were ready and willing to accept Mrs. Jones into their home and to do that which the contract enjoined upon them. On the contrary, the only inference to be drawn is that they failed in this material obligation. This care and attention, food, clothing and lodging which Mrs. Jones obligated the plaintiffs to perform was in probability the principal moving reason for the execution of the contract by the terms of which Mrs. Jones agreed to give the Mustards her property. This service is the one element in the contract, the value of which might not have been subject to evaluation in money. The value of the real estate does not appear nor is the fair rental value of the premises fixed. It is evident, however, that $25.00 per month for a six-room dwelling in Columbus would not have been excessive as straight rental. We do not have the taxes or the water charges but assume that they were not heavy. So that, it is altogether within the realm of probability that Mrs. Jones anticipated that the principal value to be moving to her by virtue of the contract was in the assurance that she would be properly taken care of in her old days, if she became physically disabled. The failure of the plaintiffs to establish observance of the contract in this particular and the proof in the record that it was not observed, together with the other defaults, not so material in themselves, are convincing to this Court that sound discretion and good conscience do not require and will not permit the Court to decree specific performance in this action. Especially is this true inasmuch as all of the obligations performed by plaintiff under the contract may readily be computed

and compensated in damages. **37 O. Jur. 43; Babock v Seitx, 122 Oh St 453.**

The petition will be dismissed.

GEIGER and BARNES, JJ., concur.

## APPLICATION FOR REHEARING

No 3242. Decided Jan 7, 1941

BY THE COURT:

Submitted on application of appellant for rehearing, which, inasmuch as this case was tried in this Court on appeal on questions of law and fact, is, in substance, a motion for a new trial.

We have examined the grounds assigned for the sustaining of the application, and recognize that we were in error in holding that the appellants failed in their obligation to prove payment of taxes, inasmuch as Mrs. Jones agreed in the contract to pay the taxes. However, this was not the basis of our finding against the plaintiffs, and we find nothing in the brief for the applicant which in our judgment requires a different conclusion. We discussed all the questions presented in our original decision and no good purpose will be served by giving them further attention.

The application will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.